# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DEFFENBAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5071** |
| **BURL CAIN, WARDEN** | **SECTION "F"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.     Factual Background**

The petitioner, John Deffenbaugh ("Deffenbaugh"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On October 19, 1994, Deffenbaugh was indicted

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

by a Grand Jury in St. Tammany Parish on one count of aggravated anal rape and one count of aggravated vaginal rape of his stepdaughter, L.T., who was under the age of 12.[3]

The record reflects that the Office of Community Services received a report that L.T., a six year old girl, was being sexually abused by her stepfather, Deffenbaugh.[4] During the investigation, L.T. was interviewed, at which time she told the investigator and a police detective about numerous sexual acts perpetrated by Deffenbaugh. At trial L.T. testified that the abuse started when she was about three or four years old, and she indicated that it happened over 10 times in various rooms in the house, the backyard shed, and Deffenbaugh's van. Deffenbaugh engaged in anal intercourse while L.T. was face down on her bed, or while he made her watch movies of adults having sex. Deffenbaugh would also perform sexual acts while she was standing on a ladder. He also had L.T. perform oral sex and forced to swallow the "yucky white stuff" that came out. L.T. also stated that Deffenbaugh threatened to spank her if she told anyone about the incidents.

L.T. also was examined by a physician who concluded that her hymen was missing and she had vaginal trauma caused by blunt force penetration. The anal examination revealed a tear which was consistent with penetration from an outside blunt object. The medical and psychiatric evidence were consistent with sexual abuse.

The investigation and testimony also revealed that L.T.'s mother had previously refused to believe L.T.'s complaints of abuse over the years. She continued to reject the accusations after

---

[3]St. Rec. Vol. 1 of 4, Indictment (234702), 10/19/94; Grand Jury Return, 10/19/94. He also was charged that same day in a second indictment with oral sexual battery of his stepdaughter. St. Rec. Vol. 3 of 4, Indictment (234703), 10/19/04; Grand Jury Return, 10/19/94. On February 26, 1996, the State entered a nolle prosequi on the oral sexual battery charge in light of Deffenbaugh's conviction on the aggravated rape charges. St. Rec. Vol. 3 of 4, Indictment (234703), handwritten notation date 2/26/96.

[4]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on out-of-time appeal. St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 99-KA-1584, pp. 2-11, 5/12/00.

being interviewed by the sheriff's office, so L.T. was removed from the home when Deffenbaugh was arrested.

Deffenbaugh was tried before a jury on November 13, 14, and 15, 1995, and was unanimously found guilty as charged on both of the aggravated rape counts.[5] At a hearing held, February 15, 1996, the Trial Court denied Deffenbaugh's motions for judgment of acquittal and for new trial.[6] On February 26, 1996, the Trial Court sentenced Deffenbaugh to serve consecutive life sentences on each count.[7]

The Court later granted Deffenbaugh's motion for leave to appeal.[8] The Court, however, on September 11, 1996, dismissed the appeal on the court reporter's motion because Deffenbaugh failed to pay the requisite costs.[9]

On March 12, 1997, Deffenbaugh's counsel filed an Application for Out of Time Appeal, which the Trial Court denied as improper means for pursuing such relief, which should have been requested in an application for post-conviction relief.[10]

Over one year later, on November 13, 1998, Deffenbaugh's counsel filed Uniform Application for Post Conviction Relief challenging the constitutionality of his conviction. By order

---

[5]St. Rec. Vol. 1 of 4, Trial Minutes, 11/13/95; Trial Minutes, 11/14/95; Trial Minutes, 11/15/95; Trial Transcript, 11/13/95; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 11/13/95; Trial Transcript, 11/14/95 (see page 205, verdict returned 11/15/95).

[6]St. Rec. Vol. 2 of 4, Hearing Transcript, 2/15/96.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 2/26/96; St. Rec. Vol. 2 of 4, Sentencing Transcript, 2/26/96.

[8]St. Rec. Vol. 1 of 4, Motion for Appeal, 3/13/96; Trial Court Order, 4/9/96.

[9]St. Rec. Vol. 1 of 4, Motion to Dismiss Appeal, 7/24/96; Trial Court Judgment, 9/11/96; St. Rec. Vol. 2 of 4, Hearing Transcript, 9/11/96.

[10]St. Rec. Vol. 1 of 4, Application for Out of Time Appeal, 3/12/97; Reasons for Judgment, 3/21/97.

filed May 6, 1999, the Trial Court granted the application as to Deffenbaugh's right to appeal.[11] *See Jiminez v. Quarterman*, __ U.S.__, 129 S. Ct. 681, 686-87 (2009) (where a state court grants a criminal defendant the right to file an out-of-time appeal during state collateral review, his judgment is not yet final for purposes of seeking federal habeas review).

On appeal, Deffenbaugh's counsel raised six grounds for relief: (1) the evidence was not sufficient to support the convictions, (2) the verdict was contrary to the evidence, (3) the Trial Court improperly admitted the victim's videotaped statement into evidence, (4) newly discovered evidence invalidates the conviction, (5) the State failed to disclose <u>Brady</u> information regarding counsel of the victim by a social worker before the videotaped statement, and (6) the cumulative effect of the trial errors rendered violated due process.[12]

On May 12, 2000, the Louisiana First Circuit Court of Appeal affirmed the conviction and sentence on the aggravated anal rape count, finding no merit to Deffenbaugh's claims.[13] The Court, however, determined that the evidence was not sufficient to support the verdict on the second count of aggravated vaginal rape. The Court reversed that conviction, modified the verdict to guilty of sexual battery, and remanded the matter for re-sentencing on that count.

On April 20, 2001, the Louisiana Supreme Court denied without reasons Deffenbaugh's writ application, filed by counsel, seeking review of the appellate court's ruling.[14]

---

[11] St. Rec. Vol. 1 of 4, Order Reinstating Appeal, 5/6/99; Minute Entry, 5/6/99.

[12] St. Rec. Vol. 4 of 4, Appeal Brief, 99-KA-1584, 9/29/99.

[13] St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 99-KA-1584, 5/12/00.

[14] *State v. Deffenbaugh*, 790 So. 2d 16 (La. 2001); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2000-K-1738, 4/20/01; St. Rec. Vol. 4 of 4, La. S. Ct. Letter, 2000-K-1738, 6/14/00.

Five months later, on September 4, 2001, the Trial Court re-sentenced Deffenbaugh on the sexual battery conviction to serve 10 years in prison, to run consecutively to the life sentence for the first count of aggravated rape.[15] On counsel's motion to reconsider the sentence, the Trial Court amended the sentence on June 6, 2002, to make the sentences run concurrently.[16]

Deffenbaugh did not seek review of or leave to appeal this sentence. His convictions and sentences therefore became final five days later, on June 13, 2002. La. Code Crim. Proc. Ann. art. 914 (2009);[17] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *Burton v. Stewart*, 549 U.S. 147 (2007) (in criminal case, judgment includes conviction and sentence, so the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

## II.  Procedural History

Over 15 months later, on September 29, 2003, Deffenbaugh submitted an application for post-conviction relief, which was filed by the Trial Court on October 3, 2003. He raised seven grounds for relief:[18] (1) Brady evidence was suppressed, (2) he was denied a fair trial and due process through introduction of irrelevant photographic evidence, (3) improper remarks and

---

[15]St. Rec. Vol. 3 of 4, Minute Entry, 9/4/01; Re-sentencing Transcript, 9/4/01.

[16]St. Rec. Vol. 3 of 4, Minute Entry, 6/6/02; Motion to Reconsider Sentence, 9/19/01.

[17]At the time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. While it is true that Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal, that amendment was not effective until August 15, 2003. *See* Const. Art. 3, § 19 Section 19. Because this statutory amendment became effective after petitioner's sentencing, it is inapplicable to this case.

[18]St. Rec. Vol. 3 of 4, Uniform Application for Post-Conviction Relief, 10/3/03 (signed 9/29/03).

5

comments to the jury by the prosecutor as a result of the irrelevant photographic evidence, (4) the State used false or perjured testimony, (5) the conviction was not supported by sufficient reliable evidence and was instead based on false testimony, (6) counsel gave ineffective assistance through untimely discovery of or failure to obtain relevant and favorable evidence, and (7) the nondisclosure of pretrial investigation material deprived the defendant and the court of the opportunity for adequate review in order to limit expert testimony.

On March 23, 2006, the Trial Court denied the application as time-barred pursuant to La. Code Crim. P. art. 930.8.[19] Alternatively, the Court noted that some of the claims could be dismissed as repetitive and/or for failure to state a claim for which relief was available pursuant to La. Code Crim. P. art. 930.4 and that the ineffective assistance of counsel claim was without merit.[20]

Deffenbaugh's subsequent writ application to the Louisiana First Circuit was denied without reasons on August 7, 2006.[21] The Louisiana Supreme Court, on June 15, 2007, also denied the subsequent writ application to that court as untimely citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So. 2d 1189 (La. 1995).[22]

---

[19]St. Rec. Vol. 3 of 4, Trial Court Order, 3/23/06.

[20]*Id*.

[21]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2006-KW-0748, 8/7/06. The record provided does not contain a copy of this writ application. The filing date of April 25, 2006, was obtained from the office of the clerk of the Louisiana First Circuit Court of Appeal.

[22]*State ex rel. Deffenbaugh v. State*, 958 So. 2d 1182 (La. 2007); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2006-KH-2336, 6/15/07. The record provided does not contain a copy of this writ application. The filing date of September 22, 2006, was obtained from the office of the clerk of the Louisiana Supreme Court. In *State ex rel. Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness. 660 So. 2d 1189.

**III.     Federal Petition**

On July 5, 2007, the clerk of the United States District Court for the Western District of Louisiana filed Deffenbaugh's petition for federal habeas corpus relief, in which he raised three grounds for relief:[23] (1) the Trial Court erred in dismissing the application for post-conviction relief, (2) The Trial Court erred in holding that the ineffective assistance of counsel claim was based solely on allegations in the post-conviction claim, and (3) the Trial Court erred in holding that defense counsel was not ineffective. The petition was transferred to this Court on August 7, 2007.[24]

The State filed a response in opposition to Deffenbaugh's petition alleging that his federal petition was not timely filed.[25]

**IV.     Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[26] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on July 2, 2007.[27] The threshold questions in habeas review under the amended statute

---

[23]Rec. Doc. Nos. 1, 4.

[24]Rec. Doc. No. 1.

[25]Rec. Doc. No. 14.

[26]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Western District filed Deffenbaugh's petition on July 5, 2007, when it was received. Deffenbaugh's signature on the petition is dated July 2, 2007. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even

are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

The State alleges that Deffenbaugh's petition is not timely filed. The Court agrees and will address this defense.

## V.     Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[28] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above, Deffenbaugh's conviction and sentence became final on June 13, 2002, when he did not seek further review after his resentencing on June 6, 2002. *See Burton*, 549 U.S. at 147.

Under the plain language of § 2244, Deffenbaugh had until June 13, 2003, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the

---

if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[28] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

statute would bar Deffenbaugh's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior

9

conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the one-year filing period began to run on July 14, 2002, the day after Deffenbaugh's conviction and sentence became final. The filing period continued to run uninterrupted for 365 days, until July 13, 2003, when it expired. Deffenbaugh had not properly filed state post-conviction or other collateral review pending during that time. His first such filing was the application for post-conviction relief submitted to the Trial Court on September 29, 2003. The pleading filed after expiration of the AEDPA filing period does not provide any tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848. In

this case, Deffenbaugh has not provided, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.

Deffenbaugh's federal petition is deemed filed on July 2, 2007, which was almost four years after the AEDPA filing period expired on July 13, 2003. His federal petition must be dismissed as untimely filed.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that John Deffenbaugh's petition for issuance of a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[29]

New Orleans, Louisiana, this 28th day of January, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[29]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.